ATLANTIC AND SUBURBAN RAILWAY COMPANY, PLAINTIFF IN CERTIORARI, v. STATE BOARD OF ASSESSORS OF THE STATE OF NEW JERSEY ET AL., DEFENDANTS IN CERTIORARI.

Argued February Term, 1910—Decided September 26, 1910.

1. Within the meaning of the act of 1906 (*Pamph. L., p.* 644), providing for the taxation of the franchises of street railway corporations occupying public streets, highways, roads, lanes and other public places, a turnpike is a public place.
2. A trolley line upon land which has been dedicated as a street, but which dedication has not been accepted by the public authorities, is not upon a public street or public place within the meaning of the statute.

On *certiorari.*

Before Justices REED, TRENCHARD and MINTURN.

For the plaintiff in *certiorari, John B. Slack.*

For the state board of assessors, *Edmund C. Wilson,* attorney-general.

For Egg Harbor township, Somers Point and Pleasantville, *Higbee & Coulomb.*

For Atlantic City, *Harry Wootton.*

For the borough of Linwood, *I. Morton Adams.*

For Absecon City, *William I. Garrison.*

For Northfield City, *J. Edward Ashmead.*

The opinion of the court was delivered by

REED, J. This writ brings up the assessment of franchise taxes made by the state board of assessors against the Atlantic and Suburban Railway Company for the years 1907 and 1908.

The prosecutor is a trolley company whose track, sixteen and twenty-eight thousandths miles in length, runs through several taxing districts. For a portion of this length, the track of the prosecutor is admittedly laid upon private ground and a portion upon highways.

The act of 1906 (*Pamph. L., p.* 645, § 4), provides that every street railway company shall, in May of each year, make returns to the state board of assessors showing the gross receipts from its business for the year ending Dcember 31st next preceding.

The act further provides that any such corporation having a part of its road on private property, and a part on a public street, highway, road, lane or other public place, shall make a report showing the gross receipts for the whole line, together with a statement of the length of the whole line, and the length of the line upon any street, highway, road, lane or other public place, and the franchise tax of such corporations for

the business done in this state shall be levied by the said state board of assessors upon such proportion of its gross receipts as the length of the line in this state upon any street, highway, road, lane or other public place, bears to the length of the whole line.

It is further provided in section 6 of the said statute that the state board of assessors shall apportion the franchise tax assessed against said road, among the various taxing districts in which said corporation is operating said road, in proportion to the value of the property located in and upon any public street, highway, road, lane or other public place, as shown by the statement filed with the state board of assessors.

The state board of assessors assessed the prosecutor for the year ending December 31st, 1906, two and one-half per cent. upon $79,779.73, the amount of gross receipts returned by the Atlantic City and Suburban Traction Company, the then owner of this road. This assessment amounted to $1,994.49.

In 1908, the board assessed three per cent. upon the gross receipts amounting to $60,746.49 as returned by the prosecutor for the year ending December 31st, 1907. This tax amounted to $1,822.39.

The tax for each year was apportioned, under the provisions of section 6 of the act already mentioned, among the municipalities entitled to receive the same. The length of the road, and the proportion and the part of the road located on any public street, highway, road, lane or other public place, as returned by the prosecutor, was assumed by the assessors to be correct.

It is now insisted that the length of the lines along any public street, highway, road, lane or other public place, instead of being sixteen and one hundred and thirty-two thousandths miles, as originally returned, upon which assumption the assessment was made, is, in fact, much less. Included in the original measurements was a part of the line which runs over lands of the Pleasantville and Atlantic Turnpike or Plank Road Company; and the prosecutor insists that this part of the line is not located on a street, highway, road, lane or other public place.

The stipulation of facts shows that this turnpike company purchased for its roadway a strip of land one hundred feet in width; that upon this strip it laid out for actual use a roadway of thirty feet in width. The stipulation shows that ten feet of this thirty feet is used by the trolley company; that as the trolley road is built, it excludes the use of this ten feet by vehicles. The trolley company occupy this portion of the turnpike by virtue of an agreement with the turnpike company and for the privilege it paid a consideration of $10,000.

The right of the trolley company to so occupy the turnpike sprang out of the Traction act of 1893, which provides for the use of a turnpike by a trolley company, by the permission of the turnpike company.

The question propounded is whether this turnpike, a part of which the prosecutor is occupying, is a highway or a public place within the meaning of the statute of 1906. For most purposes a turnpike is regarded as a highway; and it may be said to be generally so regarded when the term highway is used in a statute, unless the words and purposes of the act display a different legislative intent.

The right of the public in a turnpike, subject to the payment of toll, is complete; and the right is exactly the same as that of the public in a highway. This position is supported by the reasoning and the line of cases cited in the opinion of Chief Justice Beasley in *State, Parker,* v. *New Brunswick, 3 Vroom* 548.

The line laid in this turnpike was in a public place, public in the sense that the places specifically mentioned, namely, streets, highways, roads and lanes are public; public in the sense that all the people have a right to use them for passage; public in the sense that an obstruction of the same is an indictable offence. *Commonwealth* v. *Wilkinson,* 16 *Pick.* 175; *Pickard* v. *Howe,* 53 *Mass.* 198; *Peoples T. and T. Co.* v. *Berks and D. T. Road,* 199 *Pa. St.* 411.

We think, therefore, that the portion of the line laid along this turnpike is to be included in the assessable proportion of the whole line in calculating the gross receipts.

The next question is whether those portions of the line

which had been laid on lands which had been dedicated by the owners as a street, but which street had never been accepted by the public authorities as such, is to be regarded as upon a highway or public place.

The *status* of land over which its owner has dedicated a street, is that while the owner may be estopped from retracting his dedication, yet until there is an acceptance of the street by some municipal act, or by public usage, the public acquires no rights therein, and is subject to no duties by reason of the dedication. *Trustees* v. *Hoboken,* 4 *Vroom* 13; *De Groot* v. *Jersey City,* 26 *Id.* 121; *Pease* v. *Traction Company,* 40 *Id.* 165, and cases there cited.

Of streets so dedicated and unaccepted and unused by the public—eight hundred and thirty-six thousandths miles lie in Egg Harbor township, one hundred and eleven thousandths miles lie in the borough of Pleasantville. In the absence of any acceptance of these streets, they are not highways or public places within the meaning of the act of 1906.

Again, a portion of the traction company's road is located on three avenues in Pleasantville, namely, Franklin, Lenox and Madison avenues. It is insisted by the prosecutor that the portion of its track laid on these avenues is exempt, because the stipulation does not show that these streets have been accepted by the municipal authorities. The counsel for the borough of Pleasantville say in their brief that these streets are used extensively by the public. The stipulation of facts, however, is silent upon this point. We think it must be assumed that these avenues are public streets.

The stipulation containing the measurements agreed upon divides the several portions of the track of the prosecutor into five classes, namely, public highway, private right of way, Pleasantville and Atlantic Turnpike or Plank Road Company, streets mapped and not accepted, and lines on Franklin, Lenox and Madison avenues. The exclusion of the three streets mentioned from the class of streets marked "streets mapped and not accepted," indicates that these three streets are avenues and are highways.

Our conclusion is that the part of the prosecutor's line lo-

cated in Egg Harbor township and in the borough of Pleasant-ville upon streets mapped but not accepted, is upon private land, and that the assessment brought up should be corrected in this respect.

There is also a slight error in the entire length of the road, it being returned as sixteen and one hundred and thirty-two thousandths miles, while the stipulation seems to show that it was sixteen and twenty-eight thousandths miles.

As already remarked, the assessments brought up are for the years 1907 and 1908. It appears from the stipulation that the tax for 1907 was paid by the receiver of the Atlantic City and Suburban Traction Company, the predecessor of the prosecutor. For several reasons we think, that as to the tax for 1907, the writ should be dismissed.

The tax for 1908 should be modified in accordance with the opinion, but without costs, as the error resulted from the return made by the Atlantic City and Suburban Traction Company to the state board of assessors.